IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CARLOS JAMES MIERA, JR., | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-21-70-HE |
| MATT MCDONALD, Interim Warden,[1] | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner Carlos James Miera, Jr., a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (ECF No. 1). United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has responded to the Petition (ECF No. 12). It is recommended that the Petition be **DENIED.**

## I.     FACTUAL BACKGROUND

The facts central to this action concern the victim's identification of Mr. Miera as one of two intruders into his home who had threatened him and attempted to extort money from him. Travis Gooden testified that Mr. Hawk and Mr. Miera came into his home on September 8, 2016, shortly after his children had gone to sleep on a mattress in the front room while he was watching television. Mr. Gooden knew Mr. Hawk because

---

[1] Petitioner was transferred to Jim E. Hamilton Correctional Center (JEHCC), a state institution, after he filed this Petition. Thus, the interim warden of JEHCC, Matt McDonald is substituted as Respondent.

he and Mr. Hawk had once spent an hour in a holding cell together. (ECF 12-8:4). Mr. Gooden testified that the second man was short and bald with a tattoo on his upper body that looked like "a bad job as a bird." (ECF 12-8:5). Mr. Hawk put Mr. Gooden in a choke-hold and demanded that he pay $200.00 per week because he had snitched on one David Jones. If he did not pay, Mr. Hawk threatened, he would return and destroy Mr. Gooden's car and other possessions. (ECF 12-8:8-9). Mr. Gooden testified that Mr. Miera paced back and forth tapping a knife against his head and saying that he was crazy and that he liked the smell of blood. Mr. Miera then asked Mr. Hawk if he could cut Mr. Gooden, but Mr. Hawk said no. (ECF 12-8:8-9) Before the two men left, Mr. Miera told Mr. Gooden that if he had to return he was going to slice Mr. Gooden's throat as well as his children's throats. The two men then left, heading in the direction of the house next door where David Davis, Mr. Gooden's next door neighbor lived. (ECF No. 12-8:9).

After securing the safety of his children, Mr. Gooden flagged down a police officer, Sergeant Jason Lunn. Officer Lunn took Mr. Gooden's statement. Because the intruders had fled toward Mr. Davis's house, Mr. Gooden believed that the second intruder must have been Mr. Davis, whom he had only seen one or two times. (ECF 12-8: 12). Thus, Mr. Gooden misidentified Mr. Davis as the second intruder. Later, however, Sergeant Lunn showed Mr. Gooden three photographs: one of Mr. Davis his neighbor, one of Mr. Hawk and one of Mr. Miera—shirtless with the bird tattoo prominently displayed on his chest. At that point, Mr. Gooden changed his statement and identified Mr. Miera as the second intruder. (ECF No. 12-8:16).

## II. PROCEDURAL BACKGROUND

Mr. Miera was convicted in the Kay County District Court for Burglary in the First Degree, Conspiracy to Commit a Felony, Assault with a Dangerous Weapon, and Attempted Extortion Induced by Threats, After Former Conviction of a Felony, *see* Case No. CF-2015-702, District Court of Kay County. Petitioner filed a direct appeal raising the following propositions of error:

1. The victim's identification of Mr. Miera as the second man in his home was inherently unreliable and admission of the identification violated Mr. Miera's due process rights under the 5th and 14th Amendments to the United States Constitution and of Art. II, § 7, of the Oklahoma Constitution. (ECF 12-2:14-18).

2. Mr. Miera has suffered double punishment by his convictions and sentences on Count 3, Assault with a Dangerous Weapon, and Count 4, Attempted Extortion by Threats in violation of due process under the 14th Amendment to the United States Constitution and Art. II, § 7 of the Oklahoma Constitution. (ECF 12-2:19-22).

3. The trial court erred when, after the jury indicated that they hopelessly deadlocked, it deviated from the approved Allen instruction and administered an improper and coercive instruction. (ECF 12-2:23-29).

4. The trial court abused its discretion when it allowed the jury to break sequestration over the objection of defense counsel. (ECF 12-2:30-32).

5. The trial court erred by denying the demurrer to Count 4, as insufficient evidence was presented for the crime as charged. (ECF 12-2:30-32).

6. Mr. Miera was denied his right to the effective assistance of trial counsel, in violation of the 6th and 14th Amendments to the United States Constitution and Art. 2, §§ 7 and 20 of the Oklahoma Constitution. (ECF 12-2:36-40).

7. The trial court abused its discretion when it ordered Mr. Miera's sentences in Counts 2 and 4 to run consecutive to Counts, 1 and 3, and consecutive to the time revoked in Case No. CF-2011-199. (ECF 12-2:41-42).

8. Cumulative errors deprived Mr. Miera of a fair proceeding and a reliable outcome. (ECF 12-2:43:44).

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on March 8, 2018. Thereafter, Mr. Miera filed an application for post-conviction relief in the District Court for Kay County raising the following issues:

1. Appellate counsel was deficient and ineffective when it failed to raise a claim that petitioner did not meet the "breaking, forcing, or unlawfully unlocking" elements required to charge or convict him of first-degree burglary, and the jury should have been instructed on the lesser-included offense of illegal entry under Oklahoma Statute title 21 § 1438 (A). (ECF 12-4:4).

2. Appellate counsel was deficient and ineffective when it failed to adequately raise Proposition I [asserted] in Petitioner's direct appeal that the trial court abused its discretion when it admitted evidence of the pretrial lineup identifying Petitioner as the second suspect. (ECF 12-4:8).

3. Appellate counsel was deficient and ineffective when it failed to adequately raise proposition IV [asserted] in petitioner's direct appeal that the trial court abused its discretion when it allowed the jury to break sequestration over a defense objection. (ECF 12-4:11).

Petitioner raises two grounds for habeas relief in the instant Petition:

1. Petitioner was denied due process of the law by the State of Oklahoma by the use of overly suggestive photo-lineup that resulted in the conviction of one who is actually and factually innocent.

2. Appellate Counsel was ineffective in failing to argue the decision of the Supreme Court in *United States v. Wade* on direct appeal.

### III. STANDARD OF REVIEW

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court

4

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. § 2254(d)(1) and (2).

Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S.___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24, (2002) (per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S.

362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-06.

A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly—the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington*, 562 U.S. at 102.

6

## IV. ANALYSIS

Both grounds for relief asserted in this habeas action are centered on the admission of Mr. Gooden's identification of Mr. Miera, from the three photographs Officer Lunn presented to him for identification.

### A. Ground One: Admission of Photo Lineup

In his first ground for relief, Mr. Miera contends his due process rights were violated by introduction into evidence of the pretrial "overly suggestive photo-lineup." (ECF 1:9). On direct appeal, appellate counsel argued that the victim's in-court identification of Mr. Miera as the second intruder was the result of an "unnecessarily suggestive pretrial procedure" resulting in an in-court identification that "was not independently reliable under the totality of the circumstances." (ECF 12-2:14). Citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), appellate counsel noted five factors a court should weigh when determining whether an in-court identification was tainted by a pre-trial confrontation. Counsel argued that the factors militated against a determination that the in-court identification was independently reliable.[2]

---

[2] Respondent contends Mr. Miera significantly transformed the claim raised on direct appeal by arguing that the Supreme Court in *United States v. Wade*, 388 U.S. 218 (1967) created a *per se* rule of exclusion of an in-court identification where pretrial procedures were unduly suggestive. To that extent, Respondent argues, Mr. Miera's transformed claim is unexhausted. As Respondent notes, however, the transformed claim would be subject to an anticipatory procedural bar. *See Fairchild v. Workman*, 579 F.3d 1134, 1152 (10th Cir. 2009). What is more, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C.A. § 2254(b)(2). Mr. Miera's contention that *Wade* created a *per se* rule of exclusion of evidence under circumstances like those in his case is simply incorrect. *Wade* did not create such a rule. *See United States v. Wade*, 388 U.S. 218, 240 (1967) ("Where, as here, the admissibility of evidence of the lineup identification itself is not involved, a per se rule of exclusion of courtroom identification would be unjustified." Thus, this Court will consider the claim as set forth on direct appeal.

The OCCA, addressing the issue on the merits, disagreed:

> In Proposition One, Appellant contends that the victim's identification of him was the product of an impermissibly suggestive identification procedure. We find that Appellant has not shown that the trial court abused its discretion when it found the victim's identification of him was sufficiently reliable and admitted the evidence at trial. *Myers v. State*, 2006 OK CR 12, 26, 133 P.3d 312, 323; *see also Manson v. Brathwaite*, 432 U.S. 98, at 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977) ("[R]eliability is the linchpin in determining the admissibility of identification testimony."). Reviewing the totality of the circumstances, there was not a substantial likelihood of misidentification. *Perry v. New Hampshire*, 565 U.S. 228, 238-39, 132 S.Ct. 716, 724, 181 L.Ed.2d 694 (2012); *Simmons v. United States*, 390 U.S. 377, 383-84, 88 S.Ct. 967, 970-71, 19 L.Ed.2d 1247 (1968); *Harmon v. State*, 2011 OK CR 6, ¶ 43, 248 P.3d 918, 936. The victim had an excellent opportunity to observe Appellant during the criminal acts and there was a relatively short period of time between the offenses and the identification procedure. The victim paid great attention during the offenses, his initial description was entirely accurate, and he had an exceptional level of certainty in his identification. As the trial court's determination that there was not a substantial likelihood of misidentification was not clearly against the weight and effect of the facts presented, we find that the trial court did not abuse its discretion when it admitted the victim's identification of Appellant at trial. Proposition One is denied.

(ECF 12-1:3).

In its review, the OCCA applied the correct federal standard to Mr. Miera's claim, concluding that the trial court's finding of no substantial likelihood of misidentification was not an abuse of its discretion. The OCCA's decision was neither contrary to nor an unreasonable application of clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence. Thus, Mr. Miera is not entitled to habeas relief on Ground One.

## B. Ground Two: Effectiveness of Petitioner's Appellate Counsel

Mr. Miera contends his appellate counsel was ineffective in failing to base her argument concerning the out-of-court identification on the holding in *United States v. Wade*, 388 U.S. 218 (1967). The District Court analyzed Mr. Miera's claim under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> Post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).
>
>> Under Strickland, a petitioner must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding (in this case the appeal) would have been different. *Logan v. State*, 2013 OK CR 2, at 5 (citing *Strickland*, 466 U.S. at 687-89). When considering a claim of ineffective assistance of counsel, there is a strong presumption "that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86 (2011).

(ECF 12-6:2).

The state District Court denied Mr. Miera's application:

> Appellate Counsel was . . . not ineffective for failure to argue in direct appeal that the trial court abused its discretion in admitting the pretrial lineup which identified Petitioner as the second suspect. This is not properly before the court, as the issue was argued before the trial court on 7-18-16,[3] and the issue was appealed and already ruled upon on direct appeal.

---

[3] The district court is referring to a pre-trial motion proceeding held July 18, 2016, to determine whether evidence of the pre-trial lineup should be excluded from trial. The district judge stated, "There's no question that the confrontation procedure was suggestive[.]" (ECF 12-8:2). Nevertheless, the district court denied the motion to suppress. On direct appeal, the OCCA found that, despite the suggestive lineup, the trial court did not abuse its discretion in admitting the lineup into evidence because "[r]eviewing the totality of the circumstances, there was not a substantial likelihood of misidentification." (ECF 12-1:3).

9

> While the claim of ineffective assistance of appellate counsel is viable for consideration by this Court, Petitioner's contention must fail as he has neither shown objectively unreasonable performance by counsel nor resulting prejudice.

(ECF 12-6:3). The OCCA affirmed:

> The remaining issue presented to the District Court was an assertion that appellate counsel was ineffective because she failed to adequately raise a claim concerning a pretrial lineup. The District Court correctly noted that the validity of the pretrial lineup was challenged on direct appeal. We agree with the District Court's conclusion that Petitioner has failed to demonstrate that the failure to present the issue in a different way has resulted in prejudice. *See Allen v. State*, 1995 OK CR 78 ¶ 8, 909 P.2d 836, 839 ("When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed.").

(ECF 12-7:4).

As Respondent points out, *Wade* focused on factors for a court to consider when determining whether an out-of-court identification was unduly suggestive. But the District Court had already determined the three-picture lineup was, in fact, suggestive. Therefore, Appellate counsel did not need to re-plow that ground, and relying on *Wade* would have been fruitless. Instead, she reasonably concentrated her argument on attempting to demonstrate that Mr. Gooden's in-court identification of Mr. Miera was not independently reliable under the totality of the circumstances.

Though appellate counsel was not successful, her representation was not deficient, and Mr. Miera was not prejudiced by her representation. Both the District Court and the OCCA identified the appropriate federal law and neither court's decision was contrary to nor an unreasonable application of *Strickland*. And neither court based its decision on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, habeas relief should be denied.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed herein, it is recommended that Mr. Miera's Petition for Writ of Habeas Corpus be **DENIED.** The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **July 26, 2021**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral.

ENTERED on July 9, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

11